UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:17-cr-00157-JAW |
| | ) | |
| CAMERON SOTO | ) | |

**ORDER ON MOTION TO SEAL**

The Court defers action on a defendant's motion to seal a voluminous medical record the defendant submitted for judicial consideration at a sentencing hearing. The Court concludes that undifferentiated sealing of a medical record does not comply with First Circuit precedent and federal and local rule, and the Court gives the defendant two weeks to comply with the law.

**I.     BACKGROUND**

On November 14, 2017, a federal grand jury indicted Mr. Soto for distribution of fentanyl with death or serious bodily injury resulting, distribution of fentanyl, and possession of a firearm by a felon, as well as two forfeiture allegations. *Indictment* (ECF No. 32). On June 7, 2019, a federal grand jury issued a superseding indictment, eliminating the death- or serious bodily injury-resulting allegation from count one. *Superseding Indictment* (ECF No. 112). On June 11, 2019, the United States of America (Government) filed an information under 21 U.S.C. § 851, alleging a prior felony drug trafficking conviction and seeking enhanced penalties under 21 U.S.C. § 841(b)(1)(C). *Information* (ECF No. 118). On June 13, 2019, Mr. Soto pleaded guilty to counts one and two of the superseding indictment. *Min. Entry* (ECF No. 121). The Probation Office issued a revised presentence investigation report (PSR) on

November 22, 2019. *PSR* at 1. Mr. Soto filed a sentencing memorandum, *Def.'s Sentencing Mem.* (ECF No. 131), but the sentencing hearing has been delayed due to the COVID-19 pandemic, the Court's inability to hold an in-person proceeding, and Mr. Soto's desire to be physically present at his sentencing hearing.

The PSR refers to Mr. Soto's medical condition but contains nothing particularly relevant for sentencing. *PSR* ¶¶ 57-58. He had an eye injury, had a back cyst that was removed, has back pain, and needs an eye examination. *Id.* ¶ 57. Regarding mental health, he has a self-reported history of depression and an early diagnosis of Attention Deficit Hyperactivity Disorder (ADHD), and he was treated for anxiety, bipolar disorder, and ADHD as an adult while serving a Maine state sentence. *Id.* ¶ 58. Mr. Soto's sentencing memorandum does not mention his medical or mental health conditions. *Def.'s Sentencing Mem.* Mr. Soto attached to his sentencing memorandum forty pages of character letters, but only a few of those letters refer to his medical or mental health conditions and none references the complaints set forth in the medical record Mr. Soto filed. *Id.*, Attach. 1. On July 14, 2020, Mr. Soto filed a 324-page medical record and moved the Court to seal the entire record. *Mot. for Introduction of Medical Rs. to Be Filed Under Seal* (ECF No. 139); *id.*, Attach. 1, *Medical Rs.* (*Medical Rs.*). The Government has not objected to the sealing motion.[1]

---

[1] The Court quotes from *United States v. Kilmartin*, No. 1:14-cr-00129-JAW, U.S. Dist. LEXIS 59423, at *8, n.1 (D. Me. Apr. 6, 2018):

> The practice of filing sentencing memoranda under seal is too commonplace in the District of Maine. *United States v. French*, No. 1:12-cr-00160-JAW, 2017 U.S. Dist. LEXIS 279 (D. Me. Jan. 3, 2017); [*United States v. Barnard*, No. 1:14-cr-00088-JAW, 2016 U.S. Dist. 172779 (D. Me. Dec. 14, 2016);] *United States v. Kilmartin*, No. 1:14-

## II. LEGAL STANDARD

"[T]here is a strong common law presumption favoring public access to judicial proceedings and records," *In re Salem Suede, Inc.*, 268 F.3d 42, 45 (1st Cir. 2001), "rooted in a desire to 'allow[] the citizenry to "monitor the functioning of our courts, thereby insuring quality, honesty and respect for our legal system."'" *Eil v. U.S. Drug Enf't Admin.*, 878 F.3d 392, 398 (1st Cir. 2017) (alteration in original) (quoting *Fed. Trade Comm'n v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 410 (1st Cir. 1987)).  In addition, there is "a First Amendment right of access to certain criminal proceedings and materials submitted therein." *Kravetz*, 706 F.3d at 52.  "Though the public's right of access is vibrant, it is not unfettered.  Important countervailing interests can, in given instances, overwhelm the usual presumption and defeat access." *Id.* at 59 (quoting *Siedle v. Putman Invs., Inc.*, 147 F.3d 7, 10 (1st Cir. 1998)).

> When addressing a request to unseal, a court must carefully balance the presumptive public right of access against the competing interests that are at stake in a particular case, keeping in mind that "'only the most compelling reasons can justify non-disclosure of judicial records' that come within the scope of the common-law right of access."

---

cr-00129-JAW, 2016 U.S. Dist. LEXIS 146596, at *3 n.4 (D. Me. Oct. 24, 2016); *United States v. Stile*, No. 1:11-cr-00185-JAW, 2013 U.S. Dist. LEXIS 182327 (D. Me. Dec. 30, 2013).  It is understandable that a defendant would not want his or her private information publicly revealed, but especially if a defendant is asking the Court to impose a lenient sentence because of this information, the public has a right to access it.  It is less understandable why the Government would continue to acquiesce in such motions.  If the Government objected, the message would be conveyed to the defense bar that they will be required to justify motions to seal sentencing documents under [*United States v. Kravetz*, 706 F.3d 47 (1st Cir. 2013)].

Here, once again, if the Government had objected and set forth the standards for sealing, Mr. Soto may well have complied with *Kravetz* without judicial intervention.

3

*Id.* (internal citation omitted) (quoting *In re Providence Journal Co.*, 293 F.3d 1, 10 (1st Cir. 2002)). The Supreme Court has stated that documents in criminal proceedings may be closed to the public without violating the First Amendment only if the following substantive requirements are satisfied: (1) Closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest. *Press-Enter. Co. v. Superior Court of Cal. for Riverside Cnty.*, 478 U.S. 1, 13-14 (1986).

### III. DISCUSSION

Mr. Soto's global motion to seal runs afoul of *Kravetz*. In *Kravetz*, the First Circuit reaffirmed the principle that "public monitoring of the judicial system fosters the important values of quality, honesty and respect for our legal system." 706 F.3d at 52 (quoting *In re Providence Journal*, 293 F.3d at 9). Recognition of the importance of public monitoring of the judicial system has led to the creation of a presumption of the right of public access "to judicial proceedings and records . . .." *Id.* In *Kravetz*, the First Circuit expressly extended the right of public access to sentencing memoranda and sentencing letters, *id.* at 56-59, because these documents are "judicial records," that is, documents that "bear directly on criminal sentencing in that they seek to influence the judge's determination of the appropriate sentence . . .." *Id.* at 56. Furthermore, once the presumption of public access attaches, "'only the most compelling reasons can justify non-disclosure of judicial records' that come within the scope of the common-law right of access." *Id.* at 59 (quoting *In re*

*Providence Journal*, 293 F.3d at 10 (quoting *Standard Fin. Mgmt.*, 830 F.2d at 410)). If a court determines that a record to which the presumption of public access applies must be sealed, *Kravetz* requires that the court make "particularized findings to support the decision to seal." *Id.* at 60.

Mr. Soto's motion assumes that because a document is a medical record, it must be sealed from public disclosure. This is not correct. The First Circuit wrote in *Kravetz*:

> Medical information is, as intimated above, "universally presumed to be private, not public." *In re Boston Herald*, 321 F.3d [174, 190 (1st Cir. 2003)]. Acknowledging the presumptively private nature of medical information does not end the matter, however. The privacy interest in medical information is "neither fundamental nor absolute," [*U.S. v. Sattar*, 471 F. Supp. 2d 380, 387 (S.D.N.Y. 2006)] (citing, *inter alia*, *Whalen v. Roe*, 429 U.S. 589, 603-04 . . . (1977)), and can be waived or otherwise overcome by a variety of means. *See generally Crawford v. Manion*, No. 96 Civ. 1236 (MBM) 1997 U.S. Dist. LEXIS 4237, 1997 WL 148066, at *1-2 (S.D.N.Y. Mar. 31, 1997).

*Id.* at 63. The *Kravetz* Court went on to say, "We are sensitive to the fact that medical documentation such as that at issue here may contain <u>information beyond the diagnosis and treatment information that is likely to form the basis of a plea for or grant of leniency</u>." *Id.* (emphasis supplied). The First Circuit noted that "redaction remains a viable tool for separating this information from that which is necessary to the public's appreciation of the sentence imposed." *Id.*

The Court's takeaway from *Kravetz* is that a medical record reflecting a defendant's diagnosis and treatment that a defendant is proffering to a sentencing judge in an effort to affect the judge's sentencing decision is presumptively public. The greater the detail beyond the diagnosis and treatment revealed by the medical

record, the less compelling the public policy for disclosure. A medical record might reveal, for example, information about third persons, such as a defendant's family history, detailed data from diagnostic tests, or other information immaterial to the judge's sentencing decision. The defendant is free to redact such extraneous information from the record available to the public.

Here, Mr. Soto filed 324 pages of medical records without differentiation. *See Medical Rs.* The Court does not know why, for example, Mr. Soto's athlete's foot should affect its sentencing decision. *See id.* at 28. Indeed, the Court is uncertain why any of the medical information in this voluminous record about potential conditions more serious than athlete's foot should affect its sentence and Mr. Soto has not explained why it should. Finally, to the extent the record is relevant to the Court's sentencing decision and must be public, the Court notes that there are numerous references to Mr. Soto's personal identifying information, which should be redacted under Federal Rule of Criminal Procedure 49.1(a) and District of Maine Local Rule 157.6.

## IV.   CONCLUSION

The Court DEFERS final action on Defendant's Motion for Introduction of Medical Records to Be Filed Under Seal (ECF No. 139) for two weeks from the date of this Order. Within two weeks, defense counsel must file a memorandum explaining why certain aspects of the medical records or the entire record should be sealed consistent with *Kravetz* to allow the Court to make the specific findings necessary for

sealing.  Defense counsel must also file redacted copies of those portions of the records subject to public disclosure consistent with federal and local rule.

    SO ORDERED.

                                      <u>/s/ John A. Woodcock, Jr.</u>
                                      JOHN A. WOODCOCK, JR.
                                      UNITED STATES DISTRICT JUDGE

Dated this 11th day of August, 2020