IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE
SOUTHERN DIVISION



U.S. DISTRICT COURT
DISTRICT OF MAINE
PORTLAND
RECEIVED & FILED

2021 OCT 25 P 2: 34

_____
DEPUTY CLERK

CAMERON SOTO,

   Movant,

v.

UNITED STATES OF AMERICA,

   Respondant.

Crim. No.: 0100 2:17CR00157-001

MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT 28 U.S.C. § 2255

## STANDARD FORM UNDER RULE 2 OF RULES GOVERNING SEC. 2255 PROCEEDINGS

This is a motion to vacate, set aside, or correct sentence pursuant 22 U.S.C. § 2255 raising a single ground for relief. Soto is entitled to relief because his lawyer, Kevin Reddington, Esq., failed to file a notice of appeal on his behalf despite Soto's specific instructions that he do so. (Soto Dec., ¶ 1) Wherefore, Soto prays the judgment against him be vacated because he has been deprived his Sixth Amendment right to effective assistance of counsel.

## PROCEDURAL HISTORY

On December 7, 2020 this Court sentenced Soto to 228 months imprisonment on Count 1, 228 months imprisonment on Count 2, concurrent with Count 1, to be followed by 8 years government supervision. The sentence was imposed pursuant a guilty plea. Count 1 and Count 2 charged knowingly or intentionally distibuted a mixture or substance containing fentanyl with the penalty provision 841(b)(1)(C) applied to the conduct.

There was a Motion To Dismiss and Motion To Sever filed in this case but no

appeal was filed in this case. Other than a Compassionate Release, no other motions, petitions, or applications have been filed in this case.

This motion is timely-filed.

## GROUND FOR RELIEF

**SOTO SPECIFICALLY INSTRUCTED ATTORNEY REDDINGTON TO FILE A NOTICE OF APPEAL ON HIS BEHALF. ATTORNEY REDDINGTON DID NOT DO SO. REDDINGTON'S FAILURE TO FILE A REQUESTED APPEAL IS PER SE INEFFECTIVE ASSISTANCE OF COUNSEL. PREJUDICE IS PRESUMED.**

Soto instructed Attorney Reddington to file a notice of appeal. (Soto Dec., ¶ 1) Indeed, this Court made doubly certain Soto was aware of his responsibility to timely do so. (Sentencing Transcript, 12/7/20, pg. 81, line 6-22) Reddington did not file the requested notice of appeal. "Failure to file a request appeal is per se ineffective assistance of counsel without showing prejudice." Norton v. United States, 2007 DNH 113, 2007 U.S. Dist. LEXIS 67962, * 5 (1st Cir. 2007)

True, Soto's plea agreement may have contained some partial waiver of his appellate and post-conviction rights. All the same, Attorney Reddington had a duty to honor Soto's request that he file a notice of appeal on his behalf. This is because "a criminal defense attorney's failure to file a notice of appeal when requested by his client deprives the defendant of his Sixth Amendment right to the assistance of counsel, notwithstanding that the lost appeal may not have had a reasonable probability of success." United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993) The Flores-Ortega Court concluded that a defense attorney's representation is constitutionally deficient if the attorney either "disregards specific instructions from the defendant to file notice of apeal" Rojas-Medina v. United States, 924 F.3d 9, 15 (1st Cir. 2019) (Citing Roe v. Flores-Ortega 528 U.S. 470, 480, 120 S. Ct. 1029, 145 L.Ed. 2d 985 (2005).

2

Besides, an appeal waiver can never bar a Sixth Amendment ineffective assistance of counsel claim. The Garza Court explains that "while signing an appeal waiver means giving up some, many, or even most appellate claims, some claims nevertheless remains". Garza v. Idaho, 139 S. Ct. 738, 203 L. Ed. 2d 77 (2019); See United States v. Teeter, 257 F.3d 14, 24-26 (1st Cir. 2001)

Soto was free to prosecute an ineffective assistance claim and several other errors in a timely-filed appeal. Reddington deprived him of that right, to his acute prejudice. Flores-Ortega further establishes that under such circumstances, a defendant need not establish prjudice: "by instructing counsel to perfect an appeal, [a defendant] objectively indicated his intent to appeal and was entitled to a new appeal without any further showing ". Flores-Ortega, 528 U.S. at 485.

To belabor the obvious, Reddington was not apt to make an ineffective assistance claim against himself, even if he had properly honored Soto's instruction to file a notice of appeal. Cf. Massaro v. United States, 538 U.S. 500, 506 (2003)

Accordingly, this Court should vacate and re-enter the criminal judgment against Soto to afford him opportunity to file a timely appeal. For these purposes, "the district court should follow the procedural roadmap charted by 1st Circuit Court of Appeals" in United States v. Torres-Otero, 232 F.3d 24, 31-32 (1st Cir. 2000), citing Rojas-Medina v. United States, 924 F.3d 9, 19 (1st Cir. 2019)

## CONCLUSION

The Judgment should be vacated an re-entered so that Soto may file a Timely appeal.

Respectfully submitted,

_____
Cameron Soto, pro se
No.: 13056-036
FCI-Berlin. P.O. Box 9000
Berlin, NH 03570

PERSONAL VERIFICATION AND DECLARATION OF FILING

    I, Cameron Soto, declare, pursuant 29 U.S.C. § 1746, that the foregoing is true and accurate. All facts contained herein are based on my knowledge, information, and belief, and insofar as based upon same, I believe them to be true. I further declare that I placed a parcel containing these papers in the Prison Mailbox, addressed to the Clerk of the United States District Court, District of Maine, Southern Division, United States Courthouse, 156 Federal Street, Portla d, Maine 04101, and affixed the First Class U.S. postage Pre-paid, on today.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY

X: _____
       Cameron Soto, pro se