UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CAMERON SOTO, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent ) | 2:17-cr-00157-JAW-1<br>2:21-cv-00307-JAW |

## **RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION**

Petitioner moves pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. (Motion, ECF No. 197.) Following a guilty plea, Petitioner was convicted of distributing fentanyl; the Court sentenced Petitioner to 228 months in prison. (Judgment, ECF No. 180.) Petitioner did not file an appeal.

Petitioner claims his attorney provided ineffective assistance of counsel by failing to file an appeal after Petitioner instructed him to do so. (Motion at 2.) The Government requests dismissal. (Response, ECF No. 212.)

Following a review of the record and after consideration of Petitioner's motion and the Government's request for dismissal, I recommend the Court grant the Government's request, deny Petitioner's request for relief, and dismiss Petitioner's motion.

### **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Petitioner was arrested in June 2017 and subsequently indicted on two counts of distributing fentanyl in violation of 21 U.S.C. §§ 841(a)(1) and one count of possessing a firearm after having been convicted of an offense punishable by more than one year in

prison in violation of 18 U.S.C. §§ 922(g)(1). (Initial Appearance, ECF No. 10; Indictment, ECF No. 32; Superseding Indictment, ECF No. 112.) In June 2019, Petitioner decided to plead guilty pursuant to a plea agreement. (Notice of Change of Plea Hearing, ECF No. 116.) As outlined in the agreement, the Government filed an information pursuant to 21 U.S.C. § 851 charging Petitioner with having a prior conviction for a felony drug offense, which served as notice to Petitioner that he was subject to enhanced penalties if convicted. (Information, ECF No. 118; Plea Agreement, ECF No. 120); 21 U.S.C. § 841(b)(1)(C).

On June 13, 2019, Petitioner pled guilty to the two fentanyl counts. (Plea Agreement, ECF No. 120; Change of Plea Hearing, ECF No. 121.)[1] Petitioner admitted to selling fentanyl to individuals on two occasions in March 2017, and one of the individuals died due to fentanyl intoxication. (Prosecution Version, ECF No. 119.) Petitioner agreed to waive his right to appeal the conviction as well as any sentence not exceeding 240 months in prison. (Plea Agreement at 3; Sentencing Transcript at 81:6–82:8, ECF No. 182.)

In December 2020, the Court sentenced Petitioner to 228 months in prison to be followed by six years of supervised release. (Judgment, ECF No. 180.) Petitioner did not file an appeal. In October 2021, Petitioner filed his § 2255 motion for postconviction relief. (Motion, ECF No. 197.)

---

[1] The Court later dismissed the firearm charge at the Government's request. (Motion, ECF No. 177; Order, ECF No. 178.)

## DISCUSSION

### A.  Legal Standards

A person may move to vacate his or her sentence on one of four different grounds: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction" to impose its sentence; (3) "that the sentence was in excess of the maximum authorized by law"; or (4) that the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); *see Knight v. United States*, 37 F.3d 769, 772 (1st Cir. 1994).

"*[P]ro se* habeas petitions normally should be construed liberally in petitioner's favor." *United States v. Ciampi*, 419 F.3d 20, 24 (1st Cir. 2005) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The burden is on the section 2255 petitioner to establish by a preponderance of the evidence that he or she is entitled to section 2255 relief. *David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998); *United States v. DiCarlo*, 575 F.2d 952, 954 (1st Cir. 1978). When "a petition for federal habeas relief is presented to the judge who presided at the petitioner's trial, the judge is at liberty to employ the knowledge gleaned during previous proceedings and make findings based thereon without convening an additional hearing." *United States v. McGill*, 11 F.3d 223, 225 (1st Cir. 1993).

A collateral challenge is not a substitute for an appeal. *United States v. Frady*, 456 U.S. 152, 165 (1982); *Berthoff v. United States*, 308 F.3d 124, 127 (1st Cir. 2002). "[A] defendant's failure to raise a claim in a timely manner at trial or on appeal constitutes a procedural default that bars collateral review, unless the defendant can demonstrate cause for the failure and prejudice or actual innocence." *Berthoff*, 308 F.3d at 127–28.

Procedural default is an affirmative defense. *Sotirion v. United States*, 617 F.3d 27, 32 (1st Cir. 2010). The First Circuit has recognized that "federal courts have the authority to consider procedural default *sua sponte.*" *Rosenthal v. O'Brien,* 713 F.3d 676, 683 (1st Cir. 2013) (citing *Brewer v. Marshall,* 119 F.3d 993, 999 (1st Cir. 1997)); *see also Daniels v. United States*, 532 U.S. 374, 382-83 (2001) (recognizing that "procedural default rules developed in the habeas corpus context apply in § 2255 cases") (citing *Frady*, 456 U.S. at 167-68).

An allegation of ineffective assistance of counsel can excuse a procedural default if the petitioner demonstrates that counsel's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). The petitioner must also demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. A district court reviewing a claim of ineffective assistance of counsel need not address both prongs of the *Strickland* test because a failure to meet either prong will undermine the claim. *Id.* at 697. If a petitioner's "claims fail on the merits, his related claims that counsel rendered ineffective assistance in failing to press the claims at trial or on appeal must also fail." *Tse v. United States*, 290 F.3d 462, 465 (1st Cir. 2002) (per curiam).

Under the law of the case doctrine, "issues disposed of in a prior appeal will not be reviewed again by way of a 28 U.S.C. § 2255 motion." *Singleton v. United States*, 26 F.3d 233, 240 (1st Cir. 1994) (internal modifications and quotation marks omitted); *see also*

*Elwell v. United States*, 95 F.3d 1146, 1996 WL 516138 at *5 (1st Cir. 1996) (holding that a petitioner "is not entitled on collateral review to relitigate issues raised on direct appeal, absent an intervening change in the law"); *White v. United States*, 371 F.3d 900, 902 (7th Cir. 2004) (collecting cases and explaining limited exceptions).

"Evidentiary hearings on § 2255 petitions are the exception, not the norm, and there is a heavy burden on the petitioner to demonstrate that an evidentiary hearing is warranted. An evidentiary hearing 'is not necessary when a [§] 2255 petition (1) is inadequate on its face, or (2) although facially adequate, is conclusively refuted as to the alleged facts by the files and records of the case.'" *Moreno-Morales v. United States*, 334 F.3d 140, 145 (1st Cir. 2003) (citation omitted) (quoting *DiCarlo*, 575 F.2d at 954 (quotation marks omitted)).

Summary dismissal of a motion is permitted when the allegations are "'vague, conclusory, or palpably incredible,'" even "'if the record does not conclusively and expressly belie [the] claim.'" *David*, 134 F.3d at 478 (quoting *Machibroda v. United States*, 368 U.S. 487, 495 (1962)). A court can reasonably require a petitioner to supply the court with salient details of the claim prior to permitting discovery or a hearing. *Id.* (holding that "the district court did not abuse its discretion in refusing to license a fishing expedition").

**B.   Directive to File an Appeal**

The Supreme Court has explained trial counsel's obligation concerning a defendant's right to appeal as follows:

> [C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous

5

grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.

*Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000).

A defendant need not use "magic words" in order to "reasonably demonstrate" an interest in appealing; saying something that indicates a desire to pursue further relief that might be available is enough, but merely expressing displeasure at sentencing is insufficient to trigger the duty to consult about an appeal. *Rojas-Medina v. United States*, 924 F.3d 9, 17 (1st Cir. 2019). The term "consult" in this context means "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." *Id.* at 478. "If counsel has consulted with the defendant . . . [c]ounsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." *Id.*

Because a presumption of prejudice applies to a loss of the opportunity to pursue an appeal, "[a] defendant is not required to show that an appeal is likely to be successful . . . ." *Rojas-Medina*, 924 F.3d at 16. To satisfy the prejudice prong of the *Strickland* inquiry, a defendant only needs to "demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Flores-Ortega* at 484.

Petitioner does not allege a failure to consult regarding an appeal. Instead, Petitioner alleges he directed his attorney to file an appeal and his attorney failed to do so. Petitioner's assertion is not supported by the record evidence. Petitioner's attorney also provided a sworn statement denying that Petitioner ever gave direction to file an appeal or expressed

6

his innocence or lack of understanding regarding the plea agreement. (Reddington Declaration at 2; ECF No. 212-2.)

Petitioner knowingly waived his right to appeal from a sentence that did not exceed 240 months. Petitioner's decision to waive his right to appeal occurred in the context of a plea agreement that greatly reduced the penalties he faced. The guideline sentencing range was 360 to 720 months. (*See* Presentence Investigation Report ¶ 64.) Superseding Indictment, ECF No. 112.) Unlike the Superseding Indictment, the original charging documents alleged that a death resulted from Petitioner's fentanyl distribution, (Complaint at 1, ECF No. 3; Indictment at 1; ECF No. 32), which by itself carried a mandatory minimum penalty of twenty years in prison and a maximum of life in prison. 21 U.S.C. § 841(b)(1)(C). Because Petitioner had a prior felony drug distribution conviction, the "death resulting" allegation meant that Petitioner faced a mandatory life sentence. *Id.* Petitioner thus gave up his right to appeal any sentence up to 240 months in the context of plea discussions that significantly reduced the potential length of the sentence he might receive. Petitioner then received a sentence that was a full year less than the threshold for his appeal waiver.

Petitioner asserts that he told his attorney that he did not understand the plea agreement, that he was innocent of the crime, and that he was not comfortable saying he did things that he did not actually do. (Soto Declaration, ECF No. 197-1.) Petitioner gave numerous sworn statements to the contrary, however, at the Change of Plea Hearing and the Sentencing Hearing, including admitting his guilt and accepting responsibility for his

7

actions. (Change of Plea Transcript at 13–24, 27–40, ECF No. 205; Sentencing Transcript at 6, 15, 21–22; 59.)

Given that Petitioner received a sentence more than a year less than the appeal waiver threshold, that the sentence was significantly below the guideline range, and that Petitioner's substantive assertions regarding his post-sentencing communications with his counsel are directly contradicted by Petitioner's prior sworn statements, Petitioner's contention that he directed his attorney to file an appeal after sentencing and that his attorney disregarded the direction is simply not plausible. *See DeCato v. United States*, 51 F. App'x 888, 889 (1st Cir. 2002) (in the context of alleged ineffective assistance regarding right to appeal, highlighting the guilty plea, similar sentence imposed to that of plea agreement, and "negligible prospect of success" on stated assignments of error);[2] *Stolkner v. United States*, No. 2:15-cr-00143-JDL-1, 2018 WL 3212007, at *4–5 (D. Me. June 29, 2018) (collecting cases concluding that an unsupported allegation of directive to file an appeal was highly implausible); *Newton v. United States*, No. 1:17-cr-00073-JAW-1, 2021 WL 1150107, at *5 (D. Me. Mar. 25, 2021) (contemporaneous evidence contradicted petitioner's assertion that he asked counsel to file an appeal); *United States v. Cruz*, No. 5:16-CR-28-GWC-1, 2020 WL 9455026, at *5 (D. Vt. Aug. 17, 2020) (allegation of a directive to file an appeal was insufficient because the "unsupported, self-serving,

---

[2] Because there is a presumption of prejudice from the loss of the right to appeal, petitioners need not show meritorious grounds for a successful appeal in order to be entitled to relief, *Garza v. Idaho*, 139 S. Ct. 738, 742 (2019); *Bonneau v. United States*, 961 F.2d 17, 23 (1st Cir.1992), but courts have considered the existence of disputed issues or an explanation of the reason for wanting to appeal as a relevant factor when determining whether a petitioner's allegations regarding their right to appeal are inherently incredible under the circumstances.

conclusory allegation" was undermined by facts such as guilty plea and denial from petitioner's attorney). Petitioner, therefore, is not entitled to the relief he seeks.[3]

## CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2255 Cases. In addition, I recommend that the Court deny Petitioner's motion for habeas relief under 28 U.S.C. § 2255 and dismiss Petitioner's motion. I further recommend that the Court deny a certificate of appealability pursuant to

---

[3] Petitioner argues that a hearing is required whenever a prisoner alleges an unfulfilled directive to file an appeal. (Reply at 2, ECF No. 224 (citing *Martin v. United States*, No. 1:07-cr-00017-JAW, 2012 WL 2061934 (D. Me. June 7, 2012) (quoting *Berrio–Callejas v. United States*, No. 96–1524, 1997 U.S.App. LEXIS 32031, at *2, 1997 WL 704419 (1st Cir. Nov. 12, 1997))). I do not interpret the cited authority as adopting a categorical rule that a petitioner's unsupported allegation is enough by itself to require a hearing in all cases. Rather, *Martin* and *Berrio-Callejas* stand for the sound proposition that *when the allegations are plausible in light of the circumstances disclosed in the record*, the district court may not disregard a petitioner's assertions or credit an attorney's version of events over the petitioner's version without first conducting a hearing to make more detailed credibility determinations.

In *Martin*, for example, the alleged stated desire to appeal was "not as 'inherently incredible' as might appear," despite a guilty plea and appeal waiver, because there were prior letters between the petitioner and attorney as well as other evidence discussing the likelihood of needing to file an appeal, there was a contested guideline issue that significantly increased the starting point for the determination of the sentence, and the record lacked any more recent statements from the attorney about what occurred. *Martin* 2012 WL 2061934 at *5 n.2. Here, in contrast, in addition to an explicit denial from Petitioner's attorney, the record includes evidence (e.g., prior sworn statements contradicting material allegations Petitioner now asserts, a sentence below the waiver threshold and substantially below the guideline range) from which the Court can assess Petitioner's credibility and the plausibility of Petitioner's assertion. All reasonable inferences from the undisputed facts suggest Petitioner did not direct counsel to file an appeal. The Court is not presented with a genuine dispute of fact requiring further factual exploration. This case does not involve two plausible versions of events with the Government asking the Court to credit the attorney's statement over the petitioner's statement. Instead, the circumstances and evidence in the record render Petitioner's unsupported allegations implausible. A hearing, therefore, is not required. *See Machibroda v. United States*, 368 U.S. 487, 495 (1962) (holding that hearings are sometimes required but allegations need not be taken as true if they are "vague, conclusory, or palpably incredible," even "if the record does not conclusively and expressly belie [the] claim"); *Raysor v. United States*, 647 F.3d 491, 494 (2d Cir. 2011) (noting that a hearing is only required on an ineffective assistance of counsel claim if the allegations are "plausible" and analogizing to the "genuine dispute of material facts" standard at summary judgment).

Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 12th day of July, 2022.